UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3658 PA (MAAx) | Date | July 26, 2018 |
|---|---|---|---|
| Title | Mike Sarieddine v. Alien Visions E-Juice, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Before the Court is a Motion to Dismiss Under Rules 12(b)(6) and 9(b) (Docket No. 22) filed by defendant Alien Visions E-Juice, Inc. ("Defendant").  Plaintiff Mike Sarieddine ("Plaintiff") has filed an opposition (Docket No. 27), and Defendant filed a reply (Docket No. 28).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.  The hearing calendared for July 30, 2018, is vacated, and the matter taken off calendar.

**I.   Background**

    This is a trademark infringement action.  According to the complaint, Plaintiff has manufactured and sold electronic cigarette ("e-cigarette") products using the trademark ALIEN VAPE since 2008. (Compl. ¶¶ 2, 12, 27, Docket No. 1.)  Plaintiff has used that trademark, often with an "alien head" design and the slogan VAPE JUST GOT REAL!, on electronic cigarettes, vaporizers, e-cigarette batteries, carrying pouches, and e-cigarette liquid.  (Id. ¶ 12.)  Plaintiff filed a federal trademark application for ALIEN VAPE.  VAPE JUST GOT REAL! along with Plaintiff's alien head design on May 2, 2013, and in addition to that registration he also has a registration for ALIEN VAPE.  (Id. ¶¶ 2, 12, 16.)  Plaintiff alleges that his ALIEN VAPE marks "have developed widespread brand recognition in California and certain other U.S. states as a brand of superior quality vaping products," such that "[c]onsumers and retailers throughout California and elsewhere in the United States recognize the [marks] as a source indicator for Plaintiff's popular, superior quality products."  (Id. ¶ 14; see id. ¶¶ 15, 19.)

    Plaintiff recently learned that Defendant markets and sells e-cigarette products under the brand name ALIEN VISIONS.  (Compl. ¶ 3.)  Plaintiff alleges that Defendant's first sale in commerce was not before July 22, 2010, the date of the earliest record of the ALIEN VISIONS mark on Defendant's website based on information from the Internet Archive's "Wayback Machine."  (Id. ¶ 25.)  Plaintiff further alleges that Defendant did not start using its alien head logo until November 13, 2012, again citing archived pages from Defendant's website.  (Id. ¶ 26.)  Plaintiff alleges that Defendant knows of Plaintiff's trademark rights but still continues to sell its "nearly identical" e-cigarette products with a brand name and alien head logo that are confusingly similar to his own.  (Id. ¶¶ 4, 20-21.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3658 PA (MAAx) | Date | July 26, 2018 |
|---|---|---|---|
| Title | Mike Sarieddine v. Alien Visions E-Juice, Inc., et al. | | |

Plaintiff also alleges that Defendant falsely claimed to have priority of use over his marks in another litigation, Mike Sarieddine v. D&A Distribution, LLC, Case No. 2:17-cv-02390-DSF-SK (C.D. Cal. filed Mar. 28, 2017) (the "D&A Action"). (Compl. ¶ 34.)  In that case, Defendant (who was not a party to the action) "submitted a declaration from its current manager, Sam Ellinger, which falsely claimed that Mr. Ellinger had personal knowledge of [Defendant's] e-liquid sales going back to 2010" and that Defendant had continuously used its ALIEN VISIONS mark since July 22, 2010.  (Id.; see Compl. Ex. 1, Docket No. 1-1.)  According to Plaintiff, Ellinger did not have such personal knowledge and Defendant had not continuously used its mark since that time.  (Compl. ¶¶ 35-39.)  Plaintiff asserts that the declaration was used to prevent Plaintiff from obtaining preliminary injunctive relief in the D&A Action and has since been used against Plaintiff in other actions.  (Id. ¶¶ 40, 68, 71.)

Plaintiff asserts claims for trademark infringement under the Lanham Act, see 15 U.S.C. § 1114; unfair competition under the Lanham Act, see 15 U.S.C. § 1125(a); unfair competition under California common and statutory law, see Cal. Bus. & Prof. Code §§ 17200, 17500; trademark infringement under California common law; and declaratory relief under the Lanham Act.

**II.     Legal Standard**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  While the Federal Rules of Civil Procedure ("Rules") allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), they also require all pleadings to be "construed so as to do justice," Fed. R. Civ. P. 8(e).  The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of [a] claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Twombly, 550 U.S. at 561 (second alteration in original) (quoting Conley).  Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556.  For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")); see also Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." (quoting Burgert v. Lokelani Bernice Pauahi Bishop Tr., 200 F.3d 661, 663 (9th Cir. 2000))).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotation marks omitted).  In construing the Twombly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3658 PA (MAAx) | Date | July 26, 2018 |
|---|---|---|---|
| Title | Mike Sarieddine v. Alien Visions E-Juice, Inc., et al. | | |

standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

The more stringent pleading requirements of Rule 9(b) apply to allegations of fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Rule 9(b) requires particularity as to the circumstances of the fraud—this requires pleading facts that by any definition are 'evidentiary': time, place, persons, statements made, explanation of why or how such statements are false or misleading." In re Glenfed, Inc. Sec. Litig., 42 F.3d 1541, 1547 n.7 (9th Cir. 1994) (en banc) (emphasis omitted), superseded by statute on other grounds as stated in Ronconi v. Larkin, 253 F.3d 423, 428-29 (9th Cir. 2001); see also Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989) ("A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." (citation omitted)).

**III.    Discussion**

    **A.    Laches**

Defendant argues that Plaintiff unreasonably delayed bringing his trademark-related claims and that as a result, those claims are barred by laches. (Def.'s Mem. P. & A. at 3-12, Docket No. 22.) Defendant asserts that it began using its allegedly infringing marks in 2010 and 2012 and that "[m]assive open infringement allegedly began sometime . . . after May 2013," but Plaintiff did not file this action until May 2018. (Id. at 7-9.) According to Defendant, "an objective trademark owner . . . should have known of the alleged infringement long ago." (Id. at 8-9; see id. at 5, 10-11; see also Reply at 5-7.)

"Finding that laches bars a trademark claim is appropriate where 'the trademark holder knowingly allowed the infringing mark to be used without objection for a lengthy period of time.'" Eat Right Foods Ltd. v. Whole Foods Mkt., Inc., 880 F.3d 1109, 1115 (9th Cir. 2018) (quoting GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1209 (9th Cir. 2000)). "To establish that laches bars a claim, a defendant must 'prove both an unreasonable delay by the plaintiff and prejudice to itself.'" Id. (quoting Evergreen Safety Council v. RSA Network Inc., 697 F.3d 1221, 1226 (9th Cir. 2012)). Determining whether a delay was unreasonable depends on the length of the delay and the reason for it. Id. at 1116 (citing Jarrow Formulas Inc. v. Nutrition Now Inc., 304 F.3d 829, 838 (9th Cir. 2002)). "To measure the length of a delay, we start the clock 'when the plaintiff knew (or should have known) of the allegedly infringing conduct,' and we stop it when 'the lawsuit in which the defendant seeks to invoke the laches defense' is initiated." Id. (quoting Evergreen Safety Council, 697 F.3d at 1226).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3658 PA (MAAx) | Date | July 26, 2018 |
|---|---|---|---|
| Title | Mike Sarieddine v. Alien Visions E-Juice, Inc., et al. | | |

"Although laches is distinct from a statute of limitation, we make laches determinations 'with reference to the limitations period for the analogous action at law.'" Eat Right Foods, 880 F.3d at 1115 (quoting Jarrow Formulas, 304 F.3d at 835-36). "If the plaintiff filed within that period, there is a strong presumption against laches. If the plaintiff filed outside that period, the presumption is reversed." Id. (quoting Tillamook Country Smoker, Inc. v. Tillamook Cty. Creamery Ass'n, 465 F.3d 1102, 1108 (9th Cir. 2006)). "[T]he presumption of laches is triggered if any part of the claimed wrongful conduct occurred beyond the limitations period." Jarrow Formulas, 304 F.3d at 837. However, "in determining the presumption for laches, the limitations period runs from the time the plaintiff knew or should have known about his . . . cause of action." Id.; see Eat Right Foods, 880 F.3d at 1116.

The determination of whether Plaintiff unreasonably delayed in bringing suit and whether a presumption of laches applies turns on when Plaintiff knew or should have known of Defendant's alleged infringement. See Eat Right Foods, 880 F.3d at 1115-16; Jarrow Formulas, 304 F.3d at 837-38. Although Defendant allegedly began using its infringing marks in 2010 (Compl. ¶¶ 25-26), Plaintiff is alleged to have learned of Defendant's infringing conduct only "[r]ecently" (id. ¶ 3). Defendant contends that its alleged infringement was so open and obvious that Plaintiff should have known of it years ago, but the complaint does not describe Defendant's conduct in such a way. Plaintiff simply alleges that Defendant has sold similar products using similar trademarks and that Defendant has advertised its products on the internet. (Id. ¶¶ 20-26.) The Court cannot determine when Plaintiff knew or should have known of Defendant's alleged infringement. See, e.g., 24/7 Customer, Inc. v. 24-7 Intouch, No. 5:14-cv-02561-EJD, 2015 WL 1522236, at *4 (N.D. Cal. Mar. 31, 2015) ("Plaintiff's complaint could only be properly dismissed . . . if the complaint itself contained factual allegations demonstrating that Plaintiff definitively filed suit outside of the limitation period, or unreasonably delayed in filing the suit and that Defendant was prejudiced by this delay."). Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's trademark-related claims based on laches.[1]

### B.   Compliance with Federal Rule of Civil Procedure 9(b)

Defendant contends that Plaintiff's second and third claims, for unfair competition under the Lanham Act and California state law respectively, should be dismissed under Rule 9(b) for failure to allege fraudulent conduct with particularity. (Def.'s Mem. P. & A. at 13-14; Reply at 2-4, 9-10.)

"The Ninth Circuit has not established that Rule 9(b) applies to . . . Lanham Act claims [for unfair competition]. However, . . . there is an abundance of relevant and persuasive case law standing for the proposition that Rule 9(b) should be applied to [such] claims when they are grounded in fraud." Julian Bakery, Inc. v. Healthsource Int'l Inc., No. 16cv2594-JAH (KSC), 2018 WL 1524499, at *4 (S.D. Cal. Mar. 28, 2018) (citations and internal quotation marks omitted) (collecting cases). Rule 9(b) also

---

[1]   Defendant's request that the Court set a period of limited discovery concerning only the issue of laches (Reply at 13) is denied. Issues of scheduling are not properly before the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3658 PA (MAAx) | Date | July 26, 2018 |
|---|---|---|---|
| Title | Mike Sarieddine v. Alien Visions E-Juice, Inc., et al. | | |

would apply to comparable state-law claims. See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125-27 (9th Cir. 2009) (applying Rule 9(b) to claim for false advertising under Cal. Bus. & Prof. Code § 17200).

Plaintiff's second claim alleges "unfair competition, false designation of origin and false or misleading descriptions and representations" under the Lanham Act. (Compl. ¶ 58.) Plaintiff's third claim includes allegations of false designation of origin, false descriptions, misappropriation of Plaintiff's trademarks and the associated goodwill. (Id. ¶¶ 66-69.) The complaint specifies for both claims that "[t]he actions complained of herein constitute false designations of origin and false descriptions, in that the designation 'ALIEN VISIONS,' used in conjunction with vaping products, is likely to cause confusion or to deceive the consuming public as to the affiliation, connection or association of Plaintiff's ALIEN VAPE® Marks with [Defendant]." (Id. ¶ 60; see id. ¶ 66.) The claims thus are similar to Plaintiff's claims for trademark infringement and are based on an alleged likelihood of confusion. In that regard, the claims do not rely on allegations of fraud and need not satisfy Rule 9(b). See Rolex Watch U.S.A., Inc. v. Agarwal, No. CV 12-06400 MMM (MRWx), 2012 WL 12886444, at *5 (C.D. Cal. Dec. 17, 2012) ("The court has found no decision in this circuit where Rule 9(b) was applied to a false designation of origin claim not based on a pattern of fraudulent conduct. . . . Because Rolex's section 43 claim does not rely on allegations of fraud or misrepresentation, but rather allegations of unauthorized use of Rolex's trademarks and a likelihood of customer confusion, the court finds that Rule 9(b)'s heightened pleading standard does not apply.").

Plaintiff's third claim also is based on the allegedly false declaration submitted in the D&A Action. The complaint alleges when and where the declaration was submitted; who made the statements in the declaration; and why the statements were false or misleading. (See Compl. ¶¶ 34-40, 67-69, 71; Compl. Ex. 1.) Plaintiff satisfies Rule 9(b) as to this portion of his third claim.

Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's second and third claims for failure to comply with Rule 9(b).

    **C.**    **Plaintiff's Claim for Unfair Competition Under California Law**

As just noted, Plaintiff's claim for unfair competition under California law is based in part on the submission of the allegedly false declaration in the D&A Action. (Compl. ¶¶ 67-69, 71.) Defendant argues that Plaintiff fails to state a claim under the Unfair Competition Law because Plaintiff cannot show that the declaration caused him any harm. (Def.'s Mem. P. & A. at 12-13; see also Reply at 8-9.)

Plaintiff's claim is based not only on the allegedly false declaration but also on Defendant's alleged use of confusingly similar trademarks. (Compl. ¶¶ 66-67, 71.) The Ninth Circuit "has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." Cleary v. News Corp., 30 F.3d 1255, 1262-63 (9th Cir. 1994) (citing Acad. of Motion Picture Arts & Scis. v. Creative House Promotions, Inc., 944 F.2d 1446, 1457 (9th Cir. 1991); Meta-Film Assocs., Inc. v. MCA, Inc., 586 F. Supp. 1346, 1362 (C.D. Cal. 1984)). Plaintiff thus states a claim for unfair

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3658 PA (MAAx) | Date | July 26, 2018 |
|---|---|---|---|
| Title | Mike Sarieddine v. Alien Visions E-Juice, Inc., et al. | | |

competition based on his trademark-related allegations, and the Court need not consider whether he also states a claim based on the declaration. See, e.g., Diaz v. Bank of Am. Home Loan Servicing, No. CV 09-9286 PSG (MANx), 2010 WL 5313417, at *6 (C.D. Cal. Dec. 16, 2010) ("Because Plaintiff has sufficiently stated [a Fair Housing Act] claim, he has also stated a claim for unlawful practices under the UCL and the Court need not consider the other ways of alleging a UCL violation.").

Defendant also contends that if Plaintiff's allegations about the declaration are true, Plaintiff's counsel breached his ethical duties by not reporting the fraud to the court in the D&A Action. (Def.'s Mem. P. & A. at 1, 2-3; see also Reply at 11-12.) Defendant does not identify any authority to support dismissal based on the alleged ethical violation by Plaintiff's counsel. The Court denies Defendant's motion to dismiss on this ground. Cf. Cochran Firm, P.C. v. The Cochran Firm L.A., LLP, No. CV 12-05868 SJO (MRWx), 2012 WL 12885644, at *6-7 (C.D. Cal. Nov. 7, 2012) ("[T]he Court can find no precedent for refusing to hear a claim for trademark infringement because the plaintiff has allegedly engaged in unethical conduct. . . . The Court will not dismiss Plaintiff's claims on the basis of Plaintiff's alleged improper conduct, as it is immaterial to the merits of Plaintiff's claims.").

### D. Plaintiff's Claim for Declaratory Relief

In his fifth claim, Plaintiff seeks a declaration that Defendant does not have priority of use over Plaintiff's ALIEN VAPE marks or, alternatively, that Defendant abandoned any rights it has in its marks. (Compl. ¶¶ 85-89.) Defendant's argument that this claim is moot fails because Defendant fails to establish that Plaintiff's other claims are subject to dismissal. Defendant also argues that the Court should, in its discretion, decline to issue the relief requested (Def.'s Mem. P. & A. at 14), but Defendant fails to provide any specific reason to do so. The Court therefore denies Defendant's motion to dismiss Plaintiff's claim for declaratory relief. See Wallack v. Idexx Labs., Inc., No. 11cv2996-GPC(WVG), 2013 WL 1562523, at *15 (S.D. Cal. Apr. 11, 2013) (denying motion to dismiss because the defendant "has not provided specific legal or factual support for their argument that the Plaintiffs' request for declaratory relief . . . should be dismissed at the pleading stage").

### Conclusion

For all of the foregoing reasons, Defendant's Motion to Dismiss Under Rules 12(b)(6) and 9(b) (Docket No. 22) is denied. Defendant shall file an Answer within 14 days of the date of this order.

IT IS SO ORDERED.