John E. Lord (SBN 216111)
Email:  jlord@onellp.com
**ONE LLP**
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
Telephone:  (310) 866-5157
Facsimile:   (310) 943-2085

Amanda G. Hyland (*pro hac vice*)
Email:  ahyland@taylorenglish.com
Seth K. Trimble (*pro hac vice*)
Email:  strimble@taylorenglish.com
**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 200
Atlanta, GA  30339
Telephone:  (770) 434-6868
Facsimile:   (770) 434-7376

*Counsel for Defendants*
*Alien Visions E-Juice, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE SARIEDDINE, an individual, <br><br> Plaintiff, <br><br> v. <br><br> ALIEN VISIONS E-JUICE, INC., a California corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | Case No. 2:18-cv-3658-PA-MAA <br> Hon. Percy Anderson <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ALIEN VISIONS E-JUICE, INC.'S EX PARTE APPLICATION TO MODIFY PROTECTIVE ORDER** <br><br> Complaint Filed:  May 1, 2018 <br> Trial Date:       June 18, 2019 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to L.R. 7-19, the name, address, telephone number, and email address of counsel for the opposing party, Plaintiff and Counter-Defendant Mike Sarieddine, are as follows:

Bruno Tarabichi
CA Bar No. 215129
TMW Law
4750 Almaden Expy. 124-359
San Jose, CA 95118
(408) 298-8204
bruno@tmwlawfirm.com

**I.    INTRODUCTION**

On September 19, 2018 the Court entered the Protective Order governing production of confidential information and documents by the parties. Docket No. 36. The Protective Order, however, does not provide for any protections of confidential information produced by third parties pursuant to a subpoena served by a party.

Defendant Alien Visions E-Juice, Inc. served Trust Tree Legal with a subpoena for the production of documents. Exhibit A.[1] Representatives from Trust Tree, however, have stated that they will not comply with the subpoena unless the documents were subject to a protective order. Exhibit B at page 11. The documents sought are relevant and necessary for Defendant to adequately prepare its defense and counterclaims. Specifically, the documents sought in the subpoena pertain to communications and documents between Trust Tree Legal, counsel for Alien Vapor Enterprises, and counter parties, which includes copies of settlement agreements (and negotiations) from prior cases involving Plaintiff's assertion of the trademark at issue. Settlement agreements pertaining to the same mark are relevant to a damages analysis and clearly discoverable. *See, e.g., Board of Trustees of the Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008)

---

[1] All exhibits are attached to the accompanying declaration of Amanda Hyland.

1  (concluding that "there is no federal privilege preventing the discovery of settlement
2  agreements and related documents"); *Matsushita Elec. Industrial Co. v. Mediatek,*
3  *Inc.*, 2007 WL 963975 at *5 (N.D. Cal. 2007) ("[I]t is clear that when Congress
4  approved Rule 408 to promote settlements, it chose to do so by limiting admissibility
5  –- and not by limiting discovery.").  Indeed, Trust Tree's counsel has stated that he
6  "will wait to produce documents in response to the subpoena . . . until the Court
7  enters an amended protective order."  See Exhibit D.
8     Accordingly, Defendant respectfully seeks modification of the Protective
9  Order to make it applicable to confidential information, documents, and other things
10 produced by third-party Trust Tree.  Specifically, Defendant requests that the Court
11 modify the Protective Order to enable Trust Tree to produce documents under the
12 terms of the Protective Order.
13 **II.    ARGUMENT**
14     **A. The Court has Discretion to Modify the Protective Order**
15     "To modify a protective order a party must establish good cause by
16 demonstrating how the protective order will prejudice the party's case." *Intel Corp.*
17 *v. VIA Techs., Inc.*, 198 F.R.D. 525, 528 (N.D. Cal. 2000) (*citing Brown Bag*
18 *Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).  The Ninth
19 Circuit, however, has long recognized a District Court's broad discretion to modify
20 protective orders it has previously entered.  *See Empire Blue Cross & Blue Shield v.*
21 *Janet Greeson's A Place for Us, Inc.*, 62 F.3d 1217, 1219 (9th Cir. 1995).
22 Additionally, this Court appears to have contemplated the likelihood of a party
23 moving to modify the Protective Order by stating in the Protective Order that "[t]his
24 [Protective] Order shall not be deemed to prejudice the parties in any way in any
25 future application for modification of this [Protective] Order."  See Docket No. 36 at
26 ¶ 11; s*ee also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 n. 4 (9th
27 Cir. 2003) (acknowledging that discovery documents that contain "trade secrets,
28

2
**MEMORANDUM OF POINTS AND AUTHORITIES**

financial information, and confidential information" satisfy the "good cause" standard for protection under Rule 26(c) of the Federal Rules of Civil Procedure).

### B. Defendant Will Be Unduly Prejudiced if the Protective Order is not Modified

In the case at bar, Defendant would be unduly prejudiced if it is unable to obtain production of documents from third-party Trust Tree. As noted above, the documents sought in the subpoena pertain communications and documents between Trust Tree Legal's counsel and the counter-parties, including copies of settlement agreements from prior cases involving Plaintiff's assertion of the trademark at issue. Exhibit A. Trust Tree's counsel has agreed to produce responsive documents, subject to protective order concerns. Exhibit D.

Relief is sought on an ex parte basis because the fact discovery deadline occurs on April 8, 2019, and there is insufficient time to notice a motion to amend the Protective Order. Further, as Plaintiff's counsel has not consented (or provided a basis for his opposition), the parties cannot treat third-party documents as confidential under the Protective Order without a Court order modifying the Protective Order.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court amend the Protective Order to make it applicable to confidential information, documents, and other things produced by Trust Tree Legal. For the Court's convenience, a proposed Amended Protective Order showing the red-line edits is attached hereto as Exhibit C.

If the Court does not wish to amend the Protective Order, Alien Visions respectfully requests, in the alternative, that this Court enter a protective order

/ / /

/ / /

/ / /

3

**MEMORANDUM OF POINTS AND AUTHORITIES**

between Trust Tree Legal and the parties to this case in the same form as the currently existing Protective Order.

Dated: March 18, 2019          **ONE LLP**

By: /s/John E. Lord
     John E. Lord

**TAYLOR ENGLISH DUMA LLP**

By: /s/ Amanda G. Hyland
     Amanda G. Hyland (*pro hac vice*)
     Seth K. Trimble (*pro hac vice*)

*Attorneys for Defendant*
*Alien Visions E-Juice, Inc*