UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3658 PA (MAAx) | Date | March 15, 2019 |
|---|---|---|---|
| Title | Mike Sarieddine v. Alien Visions E-Juice, Inc., et al. | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS — COURT ORDER

Before the Court is an Application to File Under Seal Portions of Defendant's Motion for Summary Judgment Pursuant to Local Rule 79-5 and Protective Order (Docket No. 61) filed by defendant Alien Visions E-Juice, Inc. ("Defendant").  Defendant seeks leave to file under seal certain documents and exhibits in support of its Motion for Summary Judgment which were, or include information taken from, documents designated confidential under the Protective Order in this action.

Local Rule 79-5.2.2 requires, among other things, that the party seeking to file documents under seal provide:

> (i) A declaration (1) establishing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard, and (2) informing the Court whether anyone opposes the Application.  That the information may have been designated confidential pursuant to a protective order is not sufficient justification for filing under seal; a person seeking to file such documents under seal must comply with L.R. 79-5.2.2(b).
>
> (ii) A proposed order, narrowly tailored to seal only the sealable material, and listing in table form each document or portion thereof to be filed under seal.
>
> . . .
>
> (iv) An unredacted version of the document(s) proposed to be filed under seal, conspicuously labeled "UNREDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL," with any proposed redactions highlighted.

L.R. 79-5.2.2(a)(i)-(iv).

---

CV-90 (06/04)    **CIVIL MINUTES - GENERAL**    Page 1 of 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3658 PA (MAAx) | Date | March 15, 2019 |
|---|---|---|---|
| Title | Mike Sarieddine v. Alien Visions E-Juice, Inc., et al. | | |

     Here, with respect to the information that Defendant has designated confidential, Defendant has not filed a declaration "demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome." L.R. 79-5.2.2(a)(i); see Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006) ("Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." (quoting Foltz v. State Farm Mut. Automobile Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003))). Defendant submits a declaration of counsel citing only the information's confidentiality designation under the Protective Order (see Docket No. 63), but that is "not sufficient justification for filing under seal." See L.R. 79-5.2.2(a)(i). Additionally, the Court notes that Defendant seeks to file under seal the exhibit to the Declaration of Oliver Kershaw (see Docket No. 61), but counsel's declaration does not mention that document (see Docket No. 63). Furthermore, Defendant has filed a proposed order (Docket No. 61-1), but it does not "list[] in table form each document or portion thereof to be filed under seal." See L.R. 79-5.2.2(a)(ii). Finally, Defendant has submitted unredacted versions of some documents proposed to be filed under seal, but those versions do not have the proposed redactions highlighted. See L.R. 79-5.2.2(a)(iv).

     For the foregoing reasons, Defendant's Application to File Under Seal Portions of Defendant's Motion for Summary Judgment Pursuant to Local Rule 79-5 and Protective Order (Docket No. 61) is denied as to the documents that Defendant has designated confidential under the Protective Order. Specifically, the Court denies Defendant's Application with respect to Exhibit J to the Declaration of Seth Trimble; Exhibit C to the Declaration of Benjamin LaBarre; the Exhibit to the Declaration of Oliver Kershaw; and the portions of Defendant's Memorandum of Points and Authorities and Defendant's Statement of Uncontroverted Facts and Conclusions of Law discussing or citing those documents. The Court does not address at this time the Application as it relates to documents that Plaintiff has designated confidential, as Plaintiff bears the burden of establishing that those documents should be sealed. See L.R. 79-5.2.2(b).

     IT IS SO ORDERED.