UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3658 PA (MAAx) | Date | April 12, 2019 |
|---|---|---|---|
| Title | Mike Sarieddine v. Alien Visions E-Juice, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court are a Motion for Summary Judgment (Docket No. 58) filed by defendant Alien Visions E-Juice, Inc. ("Defendant") and a Motion for Summary Judgment on His Claim for Trademark Infringement and Alien Visions E-Juice, Inc's Counterclaim for Cancellation and, in the Alternative, Motion for Judgment on the Pleadings on Alien Visions E-Juice, Inc.'s Counterclaim for Cancellation (Docket No. 62) filed by plaintiff Mike Sarieddine ("Plaintiff"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds these matters appropriate for decision without oral argument. The hearing calendared for April 15, 2019 is vacated, and the matters taken off calendar.

## I.   Background

Plaintiff sells electronic cigarette ("e-cigarette") products using the trademark ALIEN VAPE, often with an "alien head" design and the slogan VAPE JUST GOT REAL! (Compl. ¶¶ 2, 12, Docket No. 1.) Plaintiff has federally registered his ALIEN VAPE mark as a word mark and with the design and slogan. (Id. ¶¶ 12, 16.) Plaintiff alleges that Defendant infringes his trademarks by marketing and selling their ALIEN VISIONS-branded e-cigarette products. (Id. ¶ 3-5, 20-21.) Plaintiff's complaint asserts counts for trademark infringement under the Lanham Act, see 15 U.S.C. § 1114; unfair competition under the Lanham Act, see 15 U.S.C. § 1125(a); unfair competition under California law, see Cal. Bus. & Prof. Code §§ 17200, 17500; trademark infringement under California common law; and declaratory relief under the Lanham Act. Defendant has filed a counterclaim asserting a single count for cancellation of Plaintiff's federal trademark registrations. (Docket No. 31.) Defendant alleges that it has priority of use; Plaintiff was not using his marks in commerce as of the date asserted in his first trademark application; and Plaintiff made false statements in his first application. (Id. ¶¶ 19-25.)

## II.   Factual Background

Both parties rely on the evidence submitted with respect to one motion in supporting or opposing the other. (E.g., Pl.'s Opp'n at 6, 10, Docket No. 78; Pl.'s Reply at 2, Docket No. 86; Pl.'s Response to Def.'s Uncontroverted Fact ("UF") #5-6, 8, Docket No. 78-1; Def.'s Opp'n at 6, 14, Docket No. 77; Def.'s Reply at 10-11, Docket No. 89-1; Def.'s Response to Pl.'s UF #9 and Def.'s Additional Material Fact ("AMF") #24, 25, Docket No. 77-3.) Accordingly, the Court discusses the facts underlying the two motions together. Plaintiff objects to or purports to dispute various of Defendant's asserted facts. (See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3658 PA (MAAx) | Date | April 12, 2019 |
|---|---|---|---|
| Title | Mike Sarieddine v. Alien Visions E-Juice, Inc., et al. | | |

Docket Nos. 78-1, 86-1.) However, Defendant has adequately supported the asserted facts relied on herein, and Plaintiff has not adduced any evidence to the contrary. Plaintiff has not filed any evidentiary objections in a separate document as required by this Court's Scheduling Order.[1] (See Docket No. 38 at 7-8.) Defendant's objections to evidence submitted by Plaintiff are overruled as moot, as the Court does not rely on that evidence. (See Docket Nos. 77-4, 87.)[2]

     Plaintiff owns U.S. Trademark Registration No. 4,517,249 for the ALIEN VAPE logo with respect to e-cigarette vaporizers, which matured from an application that Plaintiff filed on May 2, 2013 and issued on April 22, 2014. (Pl.'s UF #1, Docket No. 62-2; Sarieddine Mot. Decl. ¶ 2 & Ex. A, Docket No. 62-4; Def.'s UF #35, 37, Docket No. 79-1; Hyland Mot. Decl. Ex. A, Docket No. 58-4.) The registration states a date of first use of April 30, 2013. (Sarieddine Mot. Decl. Ex. A; Hyland Mot. Decl. Ex. A.) Plaintiff also owns U.S. Trademark Registration No. 4,997,336 for the word mark ALIEN VAPE with respect to various e-cigarette products, which matured from an application that Plaintiff filed on November 15, 2015 and issued on July 12, 2016. (Pl.'s UF #3; Sarieddine Mot. Decl. ¶ 3 & Ex. B; Def.'s UF #36, 37; Hyland Mot. Decl. Ex. B, Docket No. 58-5.) That registration states a date of first use of April 15, 2013. (Sarieddine Mot. Decl. Ex. B; Hyland Mot. Decl. Ex. B.)

     Plaintiff sold some vaping pens in 2008. (Def.'s UF #45; Sarieddine Mot. Dec. ¶ 4 & Ex. C; see Pl.'s UF #5, 8; Sarieddine Opp'n Decl. ¶ 6, Docket No. 78-2.) Plaintiff asked three individuals to sell the pens, and one of those individuals sold them to his friends in cash transactions in Lancaster, California. (Def.'s UF #47, 48, 51-55; Hyland Mot. Decl. Ex. E, Docket No. 58-8.) Receipts indicate that in December 2008, Plaintiff sold 11 "Alien Vape Kits" for $100 in one transaction and one such kit for $35 in another transaction. (Sarieddine Mot. Dec. Ex. C; see Hyland Mot. Decl. Ex. E.) Plaintiff also sold ALIEN VAPE-branded vaping pens in 2012 to another individual who tried to sell them to smoke shops around Southern California. (Def.'s UF #56; Sarieddine Opp'n Decl. ¶ 6 & Exs. C, D.) Plaintiff is unable to identify advertising expenses specifically relating to the United States from 2008 to the present, although he has claimed to have spent $100,000 in advertising. (Def.'s UF #64.) Plaintiff also is unable to identify any distributors of his products or any websites where they were sold other than his own between 2008 and 2015. (Def.'s UF #66.)

---

[1] In his opposition, Plaintiff contends that Defendant improperly produced over 200,000 pages of documents one hour before filing its motion, and he requests that the Court disregard any of these documents that were relied on by Defendant. (Pl.'s Opp'n at 13-14.) Plaintiff fails to counter Defendant's assertion that no discovery request required the documents' production any earlier (Def.'s Opp'n at 3-4), and Plaintiff has not identified any particular asserted fact that should be disregarded on this basis. Accordingly, Plaintiff's request is denied.

[2] Defendant requests that the Court take judicial notice of documents relating to prior litigations brought by Plaintiff in this District. (Docket No. 59.) Because the Court does not rely on these documents herein, Defendant's request for judicial notice is denied as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3658 PA (MAAx) | Date | April 12, 2019 |
|---|---|---|---|
| Title | Mike Sarieddine v. Alien Visions E-Juice, Inc., et al. | | |

In November 2009, Benjamin and Christiane LaBarre started a business selling the vaping juices (or "e-juices") that Benjamin had recently begun formulating. (Def.'s UF #4, 5.) From the first day, the LaBarres sold the e-juices using the mark ALIEN VISIONS E-JUICE. (Def.'s UF #6; Def.'s AMF #23.) The LaBarres registered the domain name avejuice.com on November 13, 2009. (Def.'s UF #10.) The LaBarres operated under the assumed name of "Alien Visions E-Juice" for about one year before moving to Oklahoma in 2010 and incorporating in that state as Alien Visions E-Juice, Inc. (Def.'s UF #5; LaBarre Opp'n Decl. ¶¶ 2-3, Docket No. 77-2; LaBarre Reply Decl. ¶ 2, Docket No. 85-6.) The LaBarres moved to Texas in 2011 and registered their company as a foreign entity. (LaBarre Opp'n Decl. ¶ 3; LaBarre Reply Decl. ¶ 3.) The LaBarres moved to California in 2012, and in June 2013 they incorporated Defendant in the state. (LaBarre Opp'n Decl. ¶ 4; LaBarre Reply Decl. ¶ 4; Tarabichi Mot. Decl. ¶ 2 & Ex. A, Docket No. 62-3.) Benjamin LaBarre states that "[e]ach new entity ran an identical business as the prior such that our consumers were unaware of any behind-the-scenes change of status." (LaBarre Reply Decl. ¶ 5.) He explains that each of these businesses were owned only by himself and his wife, "sold the same product, retained the same employees, and operated in the identical manner as the last, such that to any third party, it would have been impossible to suspect that any corporate change had even occurred." (Id. ¶¶ 6, 7.) He also states that "[t]he goodwill and trademarks were transferred" from himself and his wife to their business and then between the various businesses through these corporate changes. (LaBarre Opp'n Decl. ¶ 5.)

E-cigarette products were not widely available between 2007 and 2012. (Kershaw Decl. ¶ 2, Docket No. 58-22.) Until 2013, potential purchasers could only obtain products and information about e-cigarettes online. (See id. ¶ 5.) Around the time the LaBarres began selling their e-juices, there were few "new media" marketing opportunities for e-cigarette products, as social media was relatively new and Google decided in 2008 to prohibit e-cigarette advertising on its networks. (LaBarre Mot. Decl. ¶ 13, Docket No. 58-19; Docket No. 58-23 at 3.) At that time, e-cigarette users used online forums to learn about e-cigarette products, which were hard to find online and rarely advertised. (LaBarre Mot. Decl. ¶ 14.) Benjamin LaBarre decided to advertise by meeting users in online forums. (Def.'s UF #14.) Accordingly, LaBarre began promoting Alien Visions on e-cigarette-forum.com ("ECF") and nu-vapor.com on December 6, 2009. (Def.'s UF #15; see Def.'s UF #16, 32; Trimble Mot. Decl. Ex. B, Docket No. 58-13.) ECF was the most popular vaping forum in the world. (Def.'s UF #15; see Kershaw Decl. ¶¶ 7, 8; Def.'s UF #25.) Alien Visions had its own subforum within ECF, which was exclusively dedicated to discussions about Alien Visions products. (Def.'s UF #29, 30.)

By the end of 2013, Defendant's website had received over 900,000 visits by more than 345,000 users. (Def.'s UF #17.) The website had 800 visits by 492 users in 2009; 55,643 visits by 23,817 users in 2010; 134,420 visits by 50,090 users in 2011; 212,811 visits by 79,687 users in 2012; and 502,328 visits by 191,324 users in 2013. (Trimble Mot. Decl. ¶ 13, Docket No. 79-5.) The users were located in cities across the country. (See Trimble Mot. Decl. Ex. D, Docket No. 58-15; see also Trimble Mot. Decl. ¶ 15.) Defendant's sales, and number of sales, also increased each year over that time. (Def.'s UF #19, 20.) Defendant had 3,826 sales for a total of $124,084 in 2010; 13,144 sales for a total of $508,225 in 2011; 16,512 sales for a total of $800,184 in 2012; and 31,173 sales for a total of $1,683,170 in 2013. (Trimble Decl. ¶ 14.) The sales were nationwide, and they included more than 21 distributor accounts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3658 PA (MAAx) | Date | April 12, 2019 |
|---|---|---|---|
| Title | Mike Sarieddine v. Alien Visions E-Juice, Inc., et al. | | |

(Def.'s UF #22; see also Trimble Decl. ¶ 22.) Prior to April 21, 2014, Defendant had made sales to more than 10,000 unique zip codes. (Trimble Reply Decl. ¶ 15, Docket No. 85-1.)

**III.** **Legal Standard**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "[T]he burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); see Musick v. Burke, 913 F.2d 1390, 1394 (9th Cir. 1990). The moving party must affirmatively show the absence of such evidence in the record, either by deposition testimony, the inadequacy of documentary evidence, or by any other form of admissible evidence. See Celotex, 477 U.S. at 322. The moving party has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. See id. at 325.

As required on a motion for summary judgment, the facts are construed "in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). However, the nonmoving party's allegation that factual disputes persist between the parties will not automatically defeat an otherwise properly supported motion for summary judgment. See Fed. R. Civ. P. 56(c). A "mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" Fazio v. City & County of San Francisco, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting Anderson, 477 U.S. at 249, 252). Otherwise, summary judgment shall be entered.

**IV.** **Discussion**

Defendant moves for summary judgment on all counts in Plaintiff's complaint as well as its own counterclaim, while Plaintiff moves for summary judgment only on his first count, for infringement of his federally registered trademarks, and on Defendant's counterclaim. "[W]hen parties submit cross-motions for summary judgment, each motion must be considered on its own merits. In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two, 249 F.3d 1132, 1136 (9th Cir. 2001) (alteration, citations, and internal quotation marks omitted). Here, the parties rely on the same evidence for both motions, most of the material facts are not in dispute, and the parties' arguments for the two motions are essentially the same. Accordingly, for convenience, the Court will discuss the parties' motions together.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3658 PA (MAAx) | Date | April 12, 2019 |
|---|---|---|---|
| Title | Mike Sarieddine v. Alien Visions E-Juice, Inc., et al. | | |

**A.  Infringement of Plaintiff's Registered Trademarks**

Plaintiff contends that he is entitled to summary judgment on his trademark infringement claim because he has prior rights in his ALIEN VAPE marks, and Defendant's use of its allegedly infringing mark creates a likelihood of confusion with Plaintiff's marks. (Pl.'s Mot. at 1; Pl.'s Mem. P. & A. at 1-2, 7-8, 11-18, Docket No. 62-1.) Plaintiff asserts that he has a priority date at least as early as May 2, 2013, the filing date of his first trademark application; Defendant cannot establish use before then because it did not exist as a corporation prior to June 2013; and Defendant cannot establish market penetration before then. (Pl.'s Mem. P. & A. at 1, 8-11; Pl.'s Opp'n at 1-3, 10-18.)

Defendant argues that Plaintiff's claim fails because Defendant has priority of use. (Def.'s Mot. at 1; Def.'s Mem. P. & A. at 2, Docket No. 79.) Defendant traces the use of its ALIEN VISIONS E-JUICE mark to November 2009, when the LaBarres began selling their e-juices, and Defendant points to its increasing sales and online attention thereafter. (Def.'s Mem. P. & A. at 2-6; see Def.'s Opp'n at 1-7.) Defendant contends that Plaintiff must establish any use earlier than the April 30, 2013 date claimed in his first trademark application by clear and convincing evidence, and he cannot do so because he made only minimal sales and has not produced any evidence of advertising in the United States. (Def.'s Mem. P. & A. at 7-9, 11-16; Def.'s Opp'n at 7.) For purposes of Plaintiff's motion, Defendant does not dispute that there is a likelihood of confusion between the parties' marks. (Def.'s Opp'n at 1.)

       1.      Priority of Use

"To prevail on its Lanham Act trademark claim, a plaintiff must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." Rearden LLC v. Rearden Commerce, Inc., 683 F.3d 1190, 1202-03 (9th Cir. 2012) (internal quotation marks omitted) (quoting Network Automation, Inc. v. Advanced Sys. Concepts, Inc., 638 F.3d 1137, 1144 (9th Cir. 2011). "It is axiomatic in trademark law that the standard test of ownership is priority of use. To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." Id. at 1203 (quoting Sengoku Works Ltd. v. RMC Int'l, Ltd., 96 F.3d 1217, 1219 (9th Cir. 1996)). The term "use in commerce" is defined by statute to mean "the bona fide use of a mark in the ordinary course of trade . . . . [A] mark shall be deemed to be in use in commerce . . . on goods when . . . (A) it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto . . . and (B) the goods are sold or transported in commerce . . . ." 15 U.S.C. § 1127.

"In determining whether the two prongs of the 'use in commerce' test have been satisfied, [the Ninth Circuit has] . . . generally followed a 'totality of the circumstances' approach. This approach turns on 'evidence showing, first, adoption, and, second, Use in a way sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind.'" Rearden, 683 F.3d at 1205 (some internal quotation marks omitted) (quoting New W. Corp. v. NYM Co. of Cal., 595 F.2d 1194, 1200 (9th Cir. 1979)). That use must be "continuous and not interrupted." Dep't of Parks &

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 18-3658 PA (MAAx) | Date | April 12, 2019 |
| Title | Mike Sarieddine v. Alien Visions E-Juice, Inc., et al. | | |

Recreation for State of Cal. v. Bazaar Del Mundo Inc., 448 F.3d 1118, 1125-26 (9th Cir. 2006) (citing Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1157 (9th Cir. 2001); Casual Corner Assocs., Inc. v. Casual Stores of Nev., Inc., 493 F.2d 709, 711-12 (9th Cir. 1974)). "While the first use need not be extensive, the use must be bona fide and commercial in character"; a party "cannot rely on a few instances of use of the marks in the distant past that were casual or had little importance apparently attached to them." Id. at 1126 (alteration and internal quotation marks omitted) (quoting Menendez v. Holt, 128 U.S. 514, 521, 9 S. Ct. 143, 32 L. Ed. 526 (1888)). "[E]vidence of actual sales, or lack thereof, is not dispositive in determining whether a party has established 'use in commerce' within the meaning of the Lanham Act." Rearden, 683 F.3d at 1205. When applying the "totality of the circumstances" approach, "district courts should be guided in their consideration of non-sales activities by factors . . . such as the genuineness and commercial character of the activity, the determination of whether the mark was sufficiently public to identify or distinguish the marked [good] in an appropriate segment of the public mind as those of the holder of the mark, the scope of the non-sales activity relative to what would be a commercially reasonable attempt to market the [good], the degree of ongoing activity of the holder to conduct the business using the mark, [and] the amount of business transacted." Id. (quoting Chance, 242 F.3d at 1159).

A federal trademark registration is "prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce . . . ." 15 U.S.C. § 1115(a); see id. § 1057(b). Additionally, after a mark is registered, "the filing of the application to register such mark shall constitute constructive use of the mark, conferring a right of priority, nationwide in effect, on or in connection with the goods or services specified in the registration against any other person except for a person whose mark has not been abandoned and who, prior to such filing . . . has used the mark . . . ." Id. § 1057(c)(1). Thus, "the registrant is granted a presumption of ownership, dating to the filing date of the application for federal registration, and the challenger must overcome this presumption by a preponderance of the evidence." Sengoku Works, 96 F.3d at 1219-20 (citing Vuitton et Fils S.A. v. J. Young Enters., 644 F.2d 769, 775-76 (9th Cir. 1981); Rolley, Inc. v. Younghusband, 204 F.2d 209 (9th Cir. 1953)). However, "[u]nder 15 U.S.C. § 1057(c)(1), a registered mark cannot be asserted against a person who used the otherwise infringing mark in commerce before the priority date of the registered mark. Prior use, including both sales and non-sales activities, may be sufficient to vest trademark rights in a prior user, based on the court's evaluation of the totality of the circumstances." New Enchantment, LLC v. Journey Spa & Wellness Ctr., Inc., No. SACV 12-1382 JGB (RNBx), 2014 WL 12558845, at *6 (C.D. Cal. Jan. 2, 2014) (citation and footnote omitted) (citing ConsumerInfo.com, Inc. v. Money Mgmt. Int'l, Inc., 374 F. App'x 696, 697 (9th Cir. 2010); and then Rearden, 683 F.3d at 1206).

      2.      <u>Analysis</u>

Plaintiff claims priority based on the constructive use date provided by his first registration, which is May 2, 2013. (See Pl.'s Mem. P. & A. at 3; Pl.'s Opp'n at 1-3, 4; Pl's Response to Def.'s UF #45.) The undisputed evidence shows that prior to that date, Defendant had significant, nationwide sales under its mark in the niche e-cigarette market; saw substantial traffic to its website; and undertook a concerted outreach campaign in the primary marketing channel available. Defendant thus used its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3658 PA (MAAx) | Date | April 12, 2019 |
|---|---|---|---|
| Title | Mike Sarieddine v. Alien Visions E-Juice, Inc., et al. | | |

mark in commerce prior to Plaintiff, and its use has been continuous. Accordingly, Defendant has established priority over Plaintiff. See, e.g., Farmasino, Inc. v. Farmasino Pharms. (Jiangsu) Co., Ltd., No. 5:15-cv-01877-SVW-DTB, 2016 WL 7655740, at *7 (C.D. Cal. June 20, 2016) (defendants established priority based on evidence of sales that "took place from 2010 to 2014, to customers in ten states scattered across the country" totaling "in excess of US $8 million"; "evidence that they attended and prominently displayed [their marks] at . . . trade shows" in Los Vegas and Miami in 2013 and 2014; and "evidence that they have used the mark and logo on an English-language website . . . since December 2009," while the plaintiff "[had] not offered any evidence that it used the mark prior to July 2014").

Plaintiff contends that Defendant cannot establish continuous use from 2009 because it was not formed until June 2013. However, the undisputed evidence shows that the LaBarres used their mark consistently as they transitioned between various corporate forms, and they have presented evidence—which Plaintiff has not contradicted—that the mark was transferred between them. "Trademarks are assignable. Under the Lanham Act, assignments of federally registered marks must be in writing. However, common law trademark rights may be assigned orally." Baskim Holdings, Inc. v. Two M, Inc., No. 2:16-cv-01898-APG-GWF, 2018 WL 1367354, at *2 (D. Nev. Mar. 16, 2018) (citations omitted) (collecting cases). "If there is no documentary evidence of an assignment, it may be proven by the clear and uncontradicted oral testimony of a person in a position to have actual knowledge. However, courts must be cautious in scenarios that do not involve clear written documents of assignment. Requiring strong evidence to establish an assignment is appropriate both to prevent parties from using self-serving testimony to gain ownership of trademarks and to give parties incentive to identify expressly the ownership of the marks they employ." Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812 (3d Cir. 2006) (citations and internal quotation marks omitted); see 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 18:4 (5th ed.). Plaintiff challenges Defendant's reliance on LaBarre's declaration to establish transfer of ownership of Defendant's common law trademark rights (Pl.'s Reply at 3), but the declaration is not so conclusory that it may be disregarded. See Nigro v. Sears, Roebuck & Co., 784 F.3d 495, 497-98 (9th Cir. 2015) ("The district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence." (collecting cases)). Additionally, "ownership of trademarks impliedly passes with ownership of a business . . . ." Yellowbook Inc. v. Brandeberry, 708 F.3d 837, 844 (6th Cir. 2013) (collecting cases); see Burgess v. Gilman, 475 F. Supp. 2d 1051, 1055 (D. Nev. 2007), aff'd, 316 F. App'x 542 (9th Cir. 2008). The LaBarres' continuous use of their mark beginning in 2009 through the various corporate changes to their business further supports the asserted transfer of rights in Defendant's mark. See Taylor v. Thomas, 624 F. App'x 322, 326 (6th Cir. 2015) (holding that an individual's trademark rights survived her business's closure where she continued to use the mark).

Plaintiff also asserts that he need only show prior use to establish priority, while Defendant must establish market penetration. (Pl.'s Mem. P. & A. at 1, 5-6, 10-11; Pl.'s Opp'n at 2, 3, 11-18.) See Credit One Corp. v. Credit One Fin., Inc., 661 F. Supp. 2d 1134, 1138 (C.D. Cal. 2009) ("A party asserting common law rights must not only establish that it is the senior user, it must also show that it has 'legally sufficient market penetration' in a certain geographic market to establish those trademark rights." (quoting Glow Indus., Inc. v. Lopez, 252 F. Supp. 2d 962, 983 (C.D. Cal. 2002))). However,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 18-3658 PA (MAAx) | Date | April 12, 2019 |
| Title | Mike Sarieddine v. Alien Visions E-Juice, Inc., et al. | | |

Ninth Circuit precedent requires an evaluation of the totality of the circumstances to determine priority, not simply whether Defendant penetrated any particular market. See Rearden, 683 F.3d at 1204; Dep't of Parks & Recreation, 448 F.3d at 1125-26. A small number of sales may be sufficient so long as they are bona fide, commercial in character, and part of a continuing effort to use a mark. See Dep't of Parks & Recreation, 448 F.3d at 1126; see also Allard Enters., Inc. v. Advanced Programming Res., Inc., 146 F.3d 350, 358 (6th Cir. 1998) ("As long as there is a genuine use of the mark in commerce, . . . ownership may be established even if the first uses are not extensive and do not result in deep market penetration or widespread recognition."). Regardless, Defendant's nationwide sales and substantial online activity predated Plaintiff's constructive use date, indicating a national reputation. "Where the trademark user has acquired a national reputation associated with its mark, it may assert trademark rights even in areas where it has no sales." Glow Indus., 252 F. Supp. 2d at 983-84 (citing Champions Golf Club v. Champions Golf Club, 78 F.3d 1111, 1124 (6th Cir. 1996); Golden Door, Inc. v. Odisho, 437 F. Supp. 956, 962 (N.D. Cal. 1977), aff'd, 646 F.2d 347 (9th Cir. 1980)); see Newmark Realty Capital, Inc. v. BGC Partners, Inc., No. 16-cv-01702-BLF, 2017 WL 8294175, at *11 (N.D. Cal. Nov. 16, 2017) ("To be sure, courts have held that the senior user need not prove market penetration over the whole country if its mark had acquired a national reputation." (citing Glow Indus., 252 F. Supp. 2d at 983)). Plaintiff has not adduced any evidence to the contrary.

  Plaintiff also is incorrect that he has priority simply because he placed his mark on products earlier than Defendant. Although Plaintiff states that he is relying only on his constructive use date, he also claims that he is the senior user because of the sales he made in 2008. (See Pl.'s Opp'n at 2.) A trademark registrant may seek to establish an earlier date of first use than that alleged in its trademark application, but it must establish such use by clear and convincing evidence. See Wells Fargo & Co. v. Stagecoach Props., Inc., 685 F.2d 302, 304 n.1 (9th Cir. 1982); Threeline Imports, Inc. v. Vernikov, 239 F. Supp. 3d 542, 558 (E.D.N.Y. 2017). Here, the only actual evidence presented of Plaintiff's use of his marks in 2008 reflects a handful of sales made by three individuals, at least some of which were made only to friends. Those sales are of insufficient quantity to establish use in commerce. See Am. Auto. Ass'n of N. Cal., Nev. & Utah v. Gen. Motors LLC, __ F. Supp. 3d __, No. 17-CV-03874-LHK, 2019 WL 1304309, at *11 (N.D. Cal. Mar. 21, 2019) ("[N]o goodwill is created when a mark is seen by the consuming public only in very limited quantity." (internal quotation marks omitted) (quoting Sebastian Brown Prods. LLC v. Muzooka Inc., 15-CV-1720-LHK, 2016 WL 5910817, at *9 (N.D. Cal. Oct. 11, 2016))); see also Gameologist Grp., LLC v. Sci. Games Int'l, Inc., 838 F. Supp. 2d 141, 155 (S.D.N.Y. 2011) (plaintiff failed to establish use of its mark where it had "only documented four sales of its board game at approximately $30 each. While [the trademark registrant] testified that [the plaintiff] sold about half of the remaining 500 units to retailers, he was unable to provide documentation of these transactions or of the proceeds derived from these sales. In any event, de minimis sales such as these are insufficient to demonstrate use in commerce under the Lanham Act." (citations omitted) (collecting cases)), aff'd, 508 F. App'x 31 (2d Cir. 2013). Moreover, there is no evidence of any further commercial use of Plaintiff's marks until 2012. Plaintiff therefore fails to show the continuous and uninterrupted use required to establish priority. See Dep't of Parks & Recreation, 448 F.3d at 1125-26.

  Accordingly, the Court concludes that Defendant has priority of use over Plaintiff and, as a result, cannot be liable for infringing Plaintiff's registered trademarks. Defendant is entitled to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3658 PA (MAAx) | Date | April 12, 2019 |
|---|---|---|---|
| Title | Mike Sarieddine v. Alien Visions E-Juice, Inc., et al. | | |

summary judgment with respect to Count I of Plaintiff's complaint. The Court grants Defendant's motion and denies Plaintiff's motion with respect to that count.

### B. Plaintiff's Other Claims

Defendant moves for summary judgment on all counts in Plaintiff's complaint based on its assertion of priority.[3/] (Def.'s Mot. at 1; Def.'s Mem. P. & A. at 2.) Plaintiff does not contend that summary judgment on the other counts would be inappropriate if Defendant prevails on Count I. (See Pl.'s Opp'n.) Because Defendant has established priority of use, Defendant also is entitled to summary judgment with respect to each of the other counts. See Roseville Fullerton Burton Holdings, LLC v. SoCal Wheels, Inc., No. SACV 14-1954-JLS (JCGx), 2016 WL 6159014, at *4 (C.D. Cal. May 20, 2016) (noting that prior use is a complete defense to trademark infringement, false designation of origin, and unfair competition claims under the Lanham Act); Sebastian Brown Prods. LLC v. Muzooka Inc., No. 15-CV-01720-LHK, 2016 WL 949004, at *15 (N.D. Cal. Mar. 14, 2016) (dismissing UCL and common law unfair competition claims premised on allegations of trademark infringement after concluding that the plaintiff was not the senior user); Juan Pollo Franchising, Inc. v. B&K Pollo Enters., Inc., No. EDCV 13-2010 JGB (SPx), 2015 WL 10695881, at *2-3 (C.D. Cal. Aug. 6, 2015) (noting that a plaintiff must establish priority to prevail on a claim for common law trademark infringement). The Court therefore grants Defendant's motion with respect to Counts II through V of the complaint.

### C. Defendant's Counterclaim

Both parties seek summary judgment on Defendant's counterclaim for cancellation. Plaintiff contends that Defendant's counterclaim fails because Defendant cannot cancel Plaintiff's registration based only a claim of priority without alleging a likelihood of confusion; Defendant cannot cancel the registration for fraud based on incorrect dates; and Defendant cannot cancel the registration for fraud because it cannot establish that Plaintiff had an intent to deceive the PTO. (Pl.'s Mot. at 1; Pl.'s Mem. P. & A. at 1-2, 7-8, 19-22.) With respect to Defendant's assertions of fraud, Plaintiff argues that false statements as to his date of first use cannot support a cancellation claim as a matter of law, and there is no other allegation to support fraud in the counterclaim. (Pl.'s Mem. P. & A. at 20-22.) Plaintiff also contends that he provided his first use date in good faith and without any intent to deceive, and there is no evidence to the contrary. (Id. at 22.) In opposing Defendant's motion, Plaintiff argues that Defendant did not plead cancellation on the basis of lack of use at the time Plaintiff filed his first trademark application and therefore cannot obtain summary judgment on that ground. (Pl.'s Opp'n at 1, 7-9.)

Defendant argues in its own motion that Plaintiff's trademark registrations should be canceled because Defendant is the senior user. (Def.'s Mem. P. & A. at 16-18.) Defendant also argues that Plaintiff's registrations should be cancelled because Plaintiff falsely stated in his trademark applications

---

[3/] A portion of Plaintiff's UCL claim was premised on Defendant's conduct in another litigation (Compl. ¶¶ 34-40, 67-69), but Plaintiff has abandoned that aspect of the claim. (Pl.'s Opp'n at 18-19.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3658 PA (MAAx) | Date | April 12, 2019 |
|---|---|---|---|
| Title | Mike Sarieddine v. Alien Visions E-Juice, Inc., et al. | | |

that he was using his marks in commerce. (Id. at 18-20.) In opposing Plaintiff's motion, Defendant argues that Plaintiff's first trademark registration is subject to cancellation because Plaintiff was not actually using his mark at the time of his application. (Def.'s Opp'n at 10-13.) Defendant contends that fraud is not required to cancel a trademark on this basis. (Id. at 13-14.)

        1.      Cancellation of a Registered Trademark

"In any action involving a registered mark the court may . . . order the cancelation of registrations . . . of any party to the action." 15 U.S.C. § 1119; see id. § 1064. "If a petition for cancellation is brought before the mark becomes incontestable, 'any ground that would have prevented registration in the first place qualifies as a valid ground for cancellation,' including that there exists a 'likelihood of confusion between the mark sought to be canceled and a mark for which the party seeking cancellation can establish either prior use or prior registration.'" Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd., 894 F.3d 1015, 1021 (9th Cir. 2018) (quoting Cunningham v. Laser Golf Corp., 222 F.3d 943, 946 (Fed. Cir. 2000); and citing 15 U.S.C. §§ 1052(d), 1064; J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 20:53 (5th ed.)).

Fraud in obtaining a trademark registration also is a ground for cancellation. See 15 U.S.C. § 1064(3). "To succeed on a claim for cancellation based on fraud, [the claimant] must adduce evidence of (1) a false representation regarding a material fact; (2) the registrant's knowledge or belief that the representation is false; (3) the registrant's intent to induce reliance upon the misrepresentation; (4) actual, reasonable reliance on the misrepresentation; and (5) damages proximately caused by that reliance." Hokto Kinoko Co. v. Concord Farms, Inc., 738 F.3d 1085, 1097 (9th Cir. 2013) (citing Robi v. Five Platters, Inc., 918 F.2d 1439, 1444 (9th Cir. 1990)). "The claim of a date of first use is not a material allegation as long as the first use in fact preceded the application date." Pony Express Courier Corp. of Am. v. Pony Express Delivery Serv., 872 F.2d 317, 319 (9th Cir. 1989) (citing CarX Serv. Sys., Inc. v. Exxon Corp., 215 U.S.P.Q. 345, 351 (1982); 2 McCarthy on Trademarks and Unfair Competition § 31:21 at 610 (2d ed. 1984)).

Finally, lack of use of a mark at the time an application is filed is itself a ground for cancellation. "One . . . statutory criterion that applies to . . . trademarks . . . is the 'use in commerce' requirement. . . . The registration of a mark that does not meet the use requirement is void ab initio." Aycock Eng'g, Inc. v. Airflite, Inc., 560 F.3d 1350, 1357 (Fed. Cir. 2009) (citing Gay Toys, Inc. v. McDonald's Corp., 585 F.2d 1067, 1068 (CCPA 1978); 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 19:112 (4th ed. 2008)); see 15 U.S.C. § 1051(a)(3)(C). "A void ab initio challenge functions as a means of cancelling a registration in whole or in part even when there has been no showing of fraudulent conduct." Marketquest Grp., Inc. v. BIC Corp., 316 F. Supp. 3d 1234, 1291 (S.D. Cal. 2018) (citing Quia Corp. v. Mattel, Inc., No. C 10-1902-JF-HRL, 2011 WL 2749576, at *10 (N.D. Cal Jul. 14, 2011)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3658 PA (MAAx) | | Date | April 12, 2019 |
|---|---|---|---|---|
| Title | Mike Sarieddine v. Alien Visions E-Juice, Inc., et al. | | | |

      2.      <u>Analysis</u>

      Neither party is entitled to summary judgment on Defendant's counterclaim with respect to Defendant's priority of use. To obtain cancellation on due to priority, a claimant must establish "that he has priority to use the [challenged] marks and that registration of the marks creates a likelihood of confusion." <u>578539 B.C., Ltd. v. Kortz</u>, No. CV 14-04375 MMM (MANx), 2015 WL 12670488, at *13 (C.D. Cal. Apr. 10, 2016) (collecting cases); <u>see</u> <u>Pinkette Clothing</u>, 894 F.3d at 1021. Defendant is the senior user, but the Court has not had occasion to consider whether there is a likelihood of confusion between the parties' marks. Defendant conceded a likelihood of confusion for purposes of Plaintiff's motion, but it has not attempted to prove the matter for purposes of its own motion. (Def.'s Opp'n at 1; <u>see</u> Def.'s Mem. P. & A. at 18-20.) Plaintiff has not presented any evidence that there is <u>not</u> a likelihood of confusion, and in fact he argued to the contrary in his motion. Plaintiff argues in the alternative that he is entitled to judgment on the pleadings to the extent the counterclaim is based on priority, contending that Plaintiff has not alleged a likelihood of confusion. (Pl.'s Mot. at 1; Pl.'s Mem. P. & A. at 1-2, 7-8, 19-20.) The Court finds that Defendant's cancellation claim satisfies the federal pleading standards and therefore denies Plaintiff's motion for judgment on the pleadings. (Counterclaim ¶¶ 19-20 (alleging that Defendant has priority to the extent the parties' marks conflict).) <u>See</u> <u>Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (stating that motions for judgment on the pleadings are "functionally identical" to, and subject to the same standard as, motions to dismiss).

      Additionally, neither party is entitled to summary judgment with respect to Plaintiff's alleged lack of use of his mark or his allegedly fraudulent statement about his date of first use. Both of those grounds for cancellation depend on precisely when Plaintiff first used his mark, which is a disputed issue of fact. For example, there is evidence of a small amount of sales of Plaintiff's products in 2012, and Plaintiff has submitted a declaration stating that his marks were in use as of the time he filed his first trademark application in May 2013, including on products and on his website. (Sarieddine Opp'n Decl. ¶¶ 2-6; <u>see</u> Sarieddine Mot. Decl. ¶ 4.) The Court rejects Plaintiff's argument that the lack of use ground was not adequately disclosed. The counterclaim clearly alleges that Plaintiff was not using his mark at the time he filed his application or at the earlier date of first use claimed in the application, and it then asserts that Plaintiff's first registration is subject to cancellation because he failed to use the mark as of the earlier date and he fraudulently claimed such use. (Counterclaim ¶¶ 13-15, 22-25.) The alleged lack of use at filing appears to be subsumed within the allegation of lack of use by the earlier claimed first-use date, which would subject Plaintiff's registration to cancellation both for fraud and for the lack of use itself. <u>See</u> 6 <u>McCarthy on Trademarks and Unfair Competition</u> § 31:74 ("If there is a false statement of pre-application use in a use-based application and in fact no use occurred until after the filing of the application, then the registration is invalid not only for being void <u>ab initio</u>, but also for fraud." (footnote omitted)).

      Accordingly, the Court denies both parties' motions with respect to Defendant's counterclaim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3658 PA (MAAx) | Date | April 12, 2019 |
|---|---|---|---|
| Title | Mike Sarieddine v. Alien Visions E-Juice, Inc., et al. | | |

### Conclusion

    For the foregoing reasons, Defendant's Motion for Summary Judgment (Docket No. 58) is granted in part and denied in part, and Plaintiff's Motion for Summary Judgment on His Claim for Trademark Infringement and Alien Visions E-Juice, Inc's Counterclaim for Cancellation and, in the Alternative, Motion for Judgment on the Pleadings on Alien Visions E-Juice, Inc.'s Counterclaim for Cancellation (Docket No. 62) is denied. Defendant is granted summary judgment as to all counts in Plaintiff's complaint. Neither party is entitled to summary judgment with respect to Defendant's counterclaim.

    IT IS SO ORDERED.