**BRUNO TARABICHI**, CA Bar No. 215129
bruno@tmwlawfirm.com
**TMW LAW**
4750 Almaden Expy 124-359
San Jose, California 95118
Telephone: 408.298.8204
Facsimile: 408.715.6707

Attorneys for Plaintiff
Mike Sarieddine

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE SARIEDDINE,<br><br>Plaintiff,<br><br>vs.<br><br>ALIEN VISIONS E-JUICE, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>ALIEN VISIONS E-JUICE, INC.,<br><br>Counterclaimant,<br><br>vs.<br><br>MIKE SARIEDDINE, an individual,<br><br>Counterdefendant. | Case No. 2:18-cv-03658-PA-MAA<br><br>**PLAINTIFF MIKE SARIEDDINE AND DEFENDANT ALIEN VISIONS E-JUICE, INC.'S JOINT *EX PARTE* APPLICATION TO VACATE THE ORDER CANCELING THE ALIEN VAPE TRADEMARK REGISTRATIONS**<br><br>Judge:   Hon. Percy Anderson |

# JOINT *EX PARTE* APPLICATION FOR RELIEF REQUESTED

Pursuant to Local Rule 7-19, Plaintiff Mike Sarieddine ("Mr. Sarieddine") and Defendant Alien Visions E-Juice, Inc. ("Alien Visions") jointly submit this Joint *Ex Parte* Application ("Application") requesting that this Court vacate the portion of its April 22, 2019 Order canceling U.S. Trademark Registration Nos. 4,997,336 and 4,517,249 for the ALIEN VAPE trademark.

Pursuant to Local Rule 7-19.1, because this is a ***joint*** Application, there are no other parties or counsel that require notice of this Application.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

After litigating for over two years, Mr. Sarieddine and Alien Visions have executed a comprehensive settlement agreement. However, the settlement agreement is contingent on this Court vacating the portion of its April 22, 2019 Order canceling two federal trademark registrations. If the portion of the order canceling the registrations is not vacated, the settlement does not take effect and the parties will be forced to continue to litigate multiple lawsuits, including Ninth Circuit appeals, lawsuits before the Central District of California, opposition proceedings before the Trademark Trial and Appeal Board, and cancellation proceedings before the European Union Intellectual Property Office.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("FRCP"), this Court has the authority to vacate the relevant portion of its Order. Because the parties' settlement agreement is conditioned on vacatur, the appeal and this underlying case are not moot, paving the way for this Court to vacate the relevant portion of its Order. Moreover, all the factors used in deciding whether to vacate an order, weigh in favor of vacatur: (i) there is a strong public policy encouraging

settlement, (ii) there will be substantial hardship to the parties by forcing them to otherwise continue litigating up to 10 different suits and expend hundreds of thousands of dollars, (iii) vacatur will conserve significant judicial and governmental resources at the Ninth Circuit, Central District of California, Trademark Trial and Appeal Board, and European Union Intellectual Property Office, (iv) there is no risk of relitigation because, once vacatur is granted, the parties' settlement agreement contains full releases and covenants not to sue, and (v) there is no concern as to finality of judgment because the parties are only seeking vacatur of part of the order, not the entire judgment, and because there is no precedential value to the parties' priority dispute, which is fact-specific to each other.

Because the U.S. Patent and Trademark Office has not yet cancelled the federal trademark registrations at issue, time is of the essence and the parties respectfully request vacatur on an *ex parte* basis.

## II.  RELEVANT BACKGROUND

### A.  Appellant Sarieddine's ALIEN VAPE Registrations

Sarieddine owns U.S. Registration Nos. 4,517,249 and 4,997,336 for the ALIEN VAPE trademarks (the "**ALIEN VAPE Registrations**"). Based on these two registrations, Sarieddine asserted claims for infringement of these federally registered trademarks against Alien Visions. The ALIEN VAPE Registrations were filed on May 2, 2013 and November 17, 2015.

### B.  This Court Granted Alien Visions' Summary Judgment Motion and Denied Mr. Sarieddine's Summary Judgment Motion

On April 12, 2019, this Court issued its Order on the parties' cross-motions for

summary judgment. *See* ECF No. 99. Among other things, this Court granted Alien Visions' motion for summary judgment on Sarieddine's claims for trademark infringement, finding that Alien Visions had established prior rights. As a result, this Court also granted Alien Visions' claim to cancel Sarieddine's ALIEN VAPE Registrations on the grounds of priority and likelihood of confusion under Section 2(d) of the Lanham Act.

### C. Despite Granting Alien Visions' Summary Judgment, this Court Did Not Cancel the ALIEN VAPE Registrations Initially

Although this Court granted Alien Visions' motion for summary judgment on Mr. Sarieddine's claims of trademark infringement, it denied Alien Visions' summary judgment on its counterclaim for cancellation of the ALIEN VAPE Registrations. ECF No. 99. More specifically, Alien Visions' motion for summary judgment on cancellation was denied because Alien Visions failed to prove likelihood of confusion. *Id*.

Mr. Sarieddine and Alien Visions then stipulated to the issue of likelihood of confusion to allow this Court to enter judgment, allowing Mr. Sarieddine to appeal the summary judgment ruling. ECF No. 103. In doing so, Mr. Sarieddine also preserved his argument that Alien Visions failed to plead likelihood of confusion in its counterclaim. *Id*., at n. 1.

In light of the parties' stipulation, this Court then issued orders that Judgment would be appropriate. *See* ECF Nos. 104, 105.

### D. This Court Then Issued an Order Directing the Cancellation of the ALIEN VAPE Registrations

On April 22, 2019, this Court issued a Judgment, which included an order

that Mr. Sarieddine's ALIEN VAPE Registrations be cancelled. *See* ECF No. 105, at 1:26-27. In addition, on April 24, 2019, this Court issued a Report on the Filing or Determination of an Action Regarding a Patent or Trademark, which attached a copy of the Judgment. *See* ECF No. 106.

### E. Mr. Sarieddine Filed an Appeal to the Ninth Circuit

Following this Court's summary judgment Order and Judgment, Mr. Sarieddine maintained that Alien Visions did not establish priority of rights, such that Sarieddine's ALIEN VAPE Registrations should not be cancelled. Accordingly, on April 25, 2019, Sarieddine filed a Notice of Appeal, appealing to the Ninth Circuit Court of Appeals. *See* ECF No. 107. Mr. Sarieddine has already filed his opening brief with the Ninth Circuit.

### F. On July 3, 2020, Mr. Sarieddine and Alien Visions Entered into a Complete Settlement Contingent on Vacatur

On July 3, 2020, Mr. Sarieddine and Alien Visions entered into a settlement agreement.[1] The settlement agreement resolves multiple lawsuits and administrative proceedings between the parties. However, the entire settlement is expressly contingent on vacating the portion of the April 22, 2019 Order that ordered the cancellation of the ALIEN VAPE Registrations. In the event that neither the Ninth Circuit or Central District of California vacate that portion of the order, then there is no settlement and the parties will continue to litigate the appeals and several other lawsuits.

---

[1] To the extent that this Court requires a copy of the Settlement Agreement, the parties are willing to provide a confidential copy under seal.

### G. The Ninth Circuit Remands to Allow the Parties to Move this Court for Vacatur

Pursuant to the parties' settlement agreement, on July 14, 2020, the parties filed a Joint Motion to Vacate the Order or Remand with the Ninth Circuit. On July 22, 2020, the Ninth Circuit denied the motion to vacate without prejudice and granted a limited remand ordering the parties to "present[] it to the district court in the first instance." ECF No. 133. On July 23, 2020, this Court ordered the parties to file an appropriate application, stipulation, or motion by August 7, 2020. ECF No. 134.

Accordingly, the parties now jointly request an order vacating the portion of the District Court's April 22, 2019 Order ordering the cancellation of the ALIEN VAPE Registrations.

## III. ARGUMENT

### A. Good Cause for Emergency *Ex Parte* Relief

The parties are filing this Joint Application on an *ex parte* basis because of the impending cancellation of the federal trademark registrations at issue.

In this regard, the parties are requesting that this Court vacate the portion of the April 22, 2019 Order that ordered the USPTO to cancel the ALIEN VAPE Registrations. Although that Order was issued almost 15 months ago, as of the date of this Motion, the USPTO has not yet cancelled the ALIEN VAPE Registrations.

However, the USPTO could cancel the ALIEN VAPE Registrations at any moment, as this Court did transmit a copy of the Order to the USPTO. The parties respectfully submit that it will be easier and far more efficient to vacate the Order cancelling the ALIEN VAPE Registrations before the USPTO cancels them than to

seek to restore the ALIEN VAPE Registrations after the USPTO has already cancelled them. Due to the imminent impending cancellation of the ALIEN VAPE Registrations, the parties respectfully submit that this Application qualifies for *ex parte* treatment.

### B. The Parties Respectfully Request that this Court Honor the Parties' Settlement by Vacating the Cancellation Order

Pursuant to FRCP 60(b), a federal district court has the discretion to vacate a judgment when the equities so demand. Fed. R. Civ. P. 60(b); *Hebrew Univ. of Jerusalem v. GM LLC*, 2015 U.S. Dist. LEXIS 174094, *6 (C.D. Cal. 2015).

In particular, when parties seek to vacate a judgment based upon a settlement, the Ninth Circuit requires district courts to employ an equitable balancing test. *Id*. As discussed below, the parties respectfully submit that the relevant equitable factors weigh in favor of this Court vacating the part of its April 22, 2019 Order canceling the ALIEN VAPE Registrations.

#### 1. Because the Parties' Settlement is Contingent on Vacatur, this Case and the Pending Appeal Are Not Moot

When a federal case becomes moot while it is on appeal but before the appellate court has rendered a decision, the established practice is for the federal appellate court "to reverse or vacate the judgment below and remand with a direction to dismiss. This is the 'duty of the appellate court.'" *National Union*, 891 F.2d at 765 (quoting *United States v. Munsingwear*, 340 U.S. 36 (1950)). This is known as the Munsingwear rule.

However, there is an exception to the Munsingwear rule when mootness is caused by settlement. The exception states that, when the mootness is caused by

6                 JOINT *EX PARTE* TO VACATE
(CASE NO. 2:18-cv-03658-PA-MAA)

settlement, the federal appellate court is not required to vacate the underlying judgment of the district court. *National Union*, 891 F.2d at 767; *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, 6868 F.2d 720 (9th Cir. 1982). This is known as the Ringsby rule. In such situations, the federal appellate court remands to the district court, allowing the district court to use its discretion to decide whether to vacate while considering, among other things, the competing values of finality of judgment and the right to relitigation of unreviewed disputes. *Id*.

Notably, the Ninth Circuit holds that the Ringsby rule, the exception to the Munsingwear rule, ***does not apply when a case is not moot.*** *National Union*, 891 F.2d at 768. In *National Union*, this Court analyzed a case out of the Second Circuit called *Nestle Co. v. Chester's Market, Inc.*, 756 F.2d 280 (2d Cir. 1985). In *Nestle*, the parties conditioned their settlement on the vacatur of the district court summary judgment order. The Ninth Circuit then specifically held that the fact that the parties conditioned their settlement on vacatur "distinguish[ed] it from *Ringsby* and the present case [*National Union*]." *Id*. As the Ninth Circuit pointed out, "[i]n *Nestle*, the question was not whether to vacate because the case was moot, but whether to vacate *to make* the case moot." *Id*. Noting that the Ringsby rule didn't apply, the Ninth Circuit further stated, "We do not address the factors that a court should consider in balancing the value of finality of judgment and the right to relitigation of unreviewed disputes where settlement is conditioned on vacatur." *Id*., at 768, n. 2.

To date, it does not appear that the Ninth Circuit has articulated the factors that should be considered where settlement is conditioned on vacatur. As such, this

appears to be—at least in some regards—an issue of first impression.

In the instant case, like in *Nestle*, the parties have conditioned their settlement on the vacatur of the District Court's April 22, 2019 order canceling the ALIEN VAPE Registrations. This means the case is not moot, and as the Ninth Circuit held in *National Union*, the Ringsby rule does not apply. Therefore, the parties submit that, like the Second Circuit in *Nestle*, this Court should use its authority under FRCP 60(b), its inherent authority, and any other source of authority, to vacate the portion of the April 22, 2019 order cancelling the ALIEN VAPE Registrations.

### 2. Public Policy Favors Settlement

In deciding whether to vacate an order, federal courts need to be mindful that there is a very strong public policy of encouraging settlement. *National Union*, 891 F.2d at 767; 13A Wright, Miller & Cooper, Federal Practice & Procedure § 3533.10, at 431-32 (2d. ed. 1984) (supporting the view that parties should be able to vacate a judgment as part of a settlement); *Hebrew Univ. of Jerusalem v. GM LLC*, 2015 U.S. Dist. LEXIS 174094, *6 (C.D. Cal. 2015) ("the policy of promoting settlement does weigh in favor of vacating the Judgment"); *Ahern v. Central Pacific Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988) ("The Ninth Circuit is firmly 'committed to the rule that the law favors and encourages compromise settlements.")

In the instant case, the strong policy in favor of settlements weighs heavily in favor of vacatur for several reasons. First, as in *Nestle*, the settlement has not been consummated—it is contingent on vacatur. If this Court declines to vacate the order, there is no settlement, which runs contrary to the Ninth Circuit's policy of promoting settlement. Second, and as discussed in Section III.B.3 below, if vacatur

is granted, the settlement will actually settle 10 different legal actions, underscoring the significance of the policy in this particular case. Third, the parties are not asking this Court to vacate the entirety of the District Court's April 22, 2019 Order. They only seek to vacate the portion of the order cancelling the ALIEN VAPE Registrations. This Court's Judgment regarding the determination of priority will stand. As such, there is little downside to adhering to the policy encouraging settlement by granting vacatur.

### 3. The Hardship on the Parties Weighs in Favor of Vacatur

In deciding whether to grant vacatur, federal courts should consider the hardship placed on the parties by forcing them to continue litigating. *Nestle Co. v. Chester's Market, Inc.*, 756 F.2d 280, 284 (2d Cir. 1985); *Hebrew Univ. of Jerusalem v. GM LLC*, 2015 U.S. Dist. LEXIS 174094, *5-6 (C.D. Cal. 2015).

In ordering vacatur, the Second Circuit explained that it would be unfair to the litigants to thwart settlement by denying vacatur:

> The district court's opinion was at pains to describe the plight of hypothetical future defendants facing hypothetical future lawsuits brought by Nestle over use of the Toll House trademark. It failed to mention, however, the plight of the real trademark defendants involved in the reality of the present litigation. Should we refuse to vacate the judgment, the appellees will be forced to bear the costs and risks of further litigation, including the non-trivial risk of a reversal on the merits. Drumbeating about the need to protect other unknown users of the trademark Toll House will ring hollow indeed in the ears of the present defendants if the peril of a reversal is realized. Even success on the appeal, moreover, will be only at the price of further legal fees. We see no justification to force these defendants, who wish only to settle the present litigation, to act as unwilling private attorneys general and to bear the various costs and risks of litigation.

*Nestle*, 756 F.2d at 284.

In ordering vacatur, the Central District of California relied on the same reasoning:

> As the Parties point out, no hardship is likely to result from vacating the Judgment. However, if the terms of the settlement are not met, the Parties will proceed with the appeal, which poses a hardship because of the use of potential resources in reinstating and relitigating the appeal.

*Hebrew Univ*, 2015 U.S. Dist. LEXIS 174094, at *5-6.

Here, forcing Sarieddine and Alien Visions to continue litigating would unfairly place substantial hardships on both parties. Not only would they be forced to expend significant attorneys' fees, time, and other resources on two Ninth Circuit appeals, but it could result in continuing to litigate this underlying case if a reversal is ordered, as well as the seven other lawsuits the parties are involved in. In light of the worldwide COVID-19 pandemic and its effect on the U.S. and global economy, unnecessary litigation would be especially burdensome for both parties. As such, the hardship on the parties weighs in favor of vacatur.

### 4. Vacatur Will Conserve Judicial Resources

When vacatur will conserve judicial resources, it weighs heavily in favor of vacating the judgment or order. *Hebrew Univ. of Jerusalem v. GM LLC*, 2015 U.S. Dist. LEXIS 174094, *6 (C.D. Cal. 2015) (noting that vacating the order pursuant to settlement "will conserve Ninth Circuit resources that are expended in deciding the appeal.")

In the instant case, vacating the order cancelling the trademark registrations will conserve substantial judicial resources. More specifically, the settlement agreement resolves multiple lawsuits, pending in both federal courts, federal

administrative tribunals, and European administrative tribunals:

- Ninth Circuit Appeal Nos. 19-55478 and 19-55808, as well as underlying Central District of California Case No. 2:18-cv-03658 (i.e., the instant case);
- Central District of California Case Nos. 2:19-cv-04451 and 2:19-cv-00601;
- Trademark Trial and Appeal Board ("TTAB") Proceeding Nos. 912476608 and 91247953 (the TTAB is the administrative tribunal at the U.S. Patent and Trademark Office ("USPTO")); and
- European Trademark Cancellation Proceeding Nos. 000042721, 000042707, and 000043723 (pending at the European Union Intellectual Property Office ("EUIPO")).

By granting vacatur and removing the remaining contingency needed to consummate and finalize the settlement agreement, this Court will resolve seven federal litigations and three European litigations. Given the number of legal actions that this settlement will resolve if vacatur is granted, the parties respectfully submit that the conservation of judicial resources factor should weigh heavily in favor of vacating the order cancelling the trademark registrations.

### 5. Vacatur Will Not Lead to Relitigation

When through settlement, the parties have waived their ability to relitigate the dispute—whether on appeal or otherwise, there is minimal to no concern as to the relitigation of unreviewed disputes. *Hebrew Univ.*, 2015 U.S. Dist. LEXIS 174094, at *6-7; *Automobile Club of S. Cal. v. Mellon Bank Nat'l Ass'n*, 224 FRD 657, 659 (C.D. Cal. 2004) (noting "little chance of relitigation" in light of

1 settlement).

2     Here, there is no concern that vacating the order canceling the trademark registrations will lead to relitigation for several reasons. First, the parties are only requesting that the portion of the District Court's April 22, 2019 Order canceling the trademark registrations be vacated. This leaves undisturbed the substantive judgment in the April 22, 2019 Order and Judgment that Alien Visions did not infringe Sarieddine's trademarks because Alien Visions possessed prior rights. Second, the parties' settlement agreement contains full mutual releases as to all claims against each other. And third, the parties' settlement agreement contains covenants not to sue, which contractually prohibit relitigation of the dispute. Therefore, there is truly no concern that vacatur will lead to any relitigation whatsoever.

### 6.     Vacatur Will Not Affect the Finality of Judgment

When the order or judgment being vacated has little or no precedential value, there is minimal to no concern as to the finality of judgment. *Automobile Club*, 224 FRD 657, 659 ("[T]he instant action involved a fact specific contract formed under Delaware law. As a result, there is little precedential value in the Opinion and Order at issue.").

In the instant case, vacatur does not create any concerns regarding the finality of the judgment. Again, as an initial matter, the parties are only asking this Court to vacate the order cancelling the trademark registrations, not the entire judgment. The final judgment holding that Alien Visions possessed prior rights and did not infringe is being left intact (and final). Second, as in *Automobile Club*, there is little to no precedential value in the order that the parties seek to vacate. The underlying

case involved whether Sarieddine or Alien Visions had prior rights vis-à-vis each other. As such, it was a very fact specific inquiry that has no application to any subsequent litigation involving third parties. *See, e.g., 578539 B.C., Ltd. v. Kortz*, 2015 U.S. Dist. LEXIS 192895, *58-59 (C.D. Cal. 2015) (no *jus tertii* defense to trademark infringement, meaning that trademark owners cannot rely on the priority of third parties they are not in privity with); *New Reflections Plastic Surgery, LLC v. Reflections Center for Skin & Body, PC*, 2018 U.S. Dist. LEXIS 214687, *12 (D.N.J. 2018) ("As a matter of policy, *jus tertii* should not be allowed as a defense in any trademark case. So long as plaintiff proves rights superior to defendant, that is enough. Defendant is no less an infringer because it is brought to account by a plaintiff whose right may or may not be superior to the whole world. The plaintiff's speculative dispute with a third party does not concern the defendant.")

### 7. The Trademark Trial and Appeal Board Regularly Grants Vacatur of Cancellation Orders

The Trademark Trial and Appeal Board ("TTAB") is the administrative tribunal before which opposition and cancellation proceedings are litigated. TTAB decisions are appealed to the United States Court of Appeals for the Federal Circuit ("Federal Circuit").

In this regard, there have been several instances in which the TTAB has sustained a cancellation proceeding (resulting in an order cancelling a trademark registration), that decision has been appealed to the Federal Circuit, the parties then settled and requested a remand to the TTAB to vacate the cancellation order. In such circumstances, the TTAB routinely grants vacatur and vacates the cancellation of the trademark registration(s). *Miller v. Altadis USA, Inc.*, 2013 U.S. App. LEXIS

9156 (Fed. Cir. 2013); *Dubliner, Inc. v. Ir. Dairy Bd. Coop., Ltd.*, 2008 U.S. App. LEXIS 25136 (Fed. Cir. 2008); *Dubliner, Inc. v. Irish Dairy Board Co-Operative Limited*, 2008 TTAB LEXIS 574, *3 (TTAB 2008) (noting that the Trademark Trial and Appeal Board Manual of Procedure provides that "Where the parties are agreed that the circumstances warrant the vacating or setting aside of a final judgment, a stipulation or consented motion for relief from the judgment should be filed. The Board ordinarily will grant a consented request for relief from judgment.")

Given that the USPTO and TTAB have a policy of granting requests to vacate cancellation orders upon remand pursuant to a settlement between the parties, Sarieddine and Alien Visions submit that the USPTO's and TTAB's policy should be persuasive and should weigh in favor of this Court also granting the parties' request to vacate the portion of this Court's April 22, 2019 Order canceling the ALIEN VAPE Registrations.

## IV.   CONCLUSION

For all the foregoing reasons, Sarieddine and Alien Visions respectfully request that this Court vacate the portion of the April 22, 2019 Order directing the cancellation of U.S. Trademark Registration Nos. 4,997,336 and 4,517,249.

| | | |
|---|---|---|
| Dated: | July 31, 2020 | Respectfully submitted, |
| | | TMW LAW |
| | | By /s/ *Bruno Tarabichi* |
| | |    Bruno Tarabichi |
| | |    Attorneys for Plaintiff |
| | |    Mike Sarieddine |
| Dated: | July 31, 2020 | Respectfully submitted, |
| | | GORDON REES SCULLY MANSUKHANI, LLP |
| | | By /s/ *A. Louis Dorny* |
| | |    A. Louis Dorny |
| | |    Attorneys for Defendant |
| | |    Alien Visions E-Juice, Inc. |